IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BILLY DALE HILL                                                    PETITIONER

v.                                                          No. 3:16CV61-NBB-JMV

STATE OF MISSISSIPPI                                              RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Billy Dale Hill for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as successive and untimely filed. Hill has not responded to the motion, and the deadline to do so has expired; the matter is ripe for resolution. For the reasons set forth below, the motion by the State to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed as both successive and untimely filed.

**Facts and Procedural Posture**

Billy Dale Hill was convicted of the rape and capital murder of an eighty-seven (87) year old victim in the Circuit Court of Coahoma County, Mississippi, and was originally sentenced to death. *Hill v. State,* 339 So.2d 1382 (Miss. 1976). However, on appeal, the Mississippi Supreme Court reversed and remanded. *Id*. On remand, Hill pled guilty to both the murder and rape, and the trial court sentenced him to a term of life on each charge. *Hill v. State*, 388 So.2d 143 (Miss. 1980).

On October 15, 1980, Hill filed his first *habeas corpus* petition in this court in Cause No. WC 80-144-LS-O. In that petition, Hill alleged the following grounds for relief (as summarized by the court):

> **Ground One:** Ineffective assistance of counsel for failure to adequately inform Hill of parole eligibility and pressuring him to plead guilty.
>
> **Ground Two:** The trial court failed to honor the plea agreement, which was for two (2) consecutive life sentences rather than two (2) life sentences without the possibility of parole.
>
> **Ground Three:** Petitioner was misinformed about the number of years he must serve before becoming parole eligible.

On February 5, 1982, the Magistrate Judge recommended that *habeas corpus* relief be denied. On February 22, 1982, the District Judge approved and adopted the Magistrate Judge's recommendations and dismissed Hill's petition without evidentiary hearing. Hill then filed a second petition for a writ of *habeas corpus* in the Southern District of Mississippi, Cause No. J90-0157(W), in which he raised the following grounds for relief (as stated by the petitioner):

> **Ground One:** The minutes of the court by which the grand jury was supposedly elected, empaneled and sworn, was not signed by the presiding judge.
>
> **Ground Two:** The court absent the grand jury being duly sworn, empaneled, lacked jurisdiction to try the petitioner.
>
> **Ground Three:** Counsel was constitutionally ineffective for not filing a motion to quash the indictment, and for failing to spot this defect.

On April 10, 1991, the petition was transferred to this Court. On April 30, 1991, the Magistrate Judge recommended that the petition be denied, finding that Hill's second petition was successive – and also denied the petition on the merits. On May 15, 1991, the District Judge approved and adopted the Magistrate Judge's recommendations and denied the petition.

On November 16, 1992, Hill filed a third petition for a writ of *habeas corpus* in this court in Cause No. 3:92CV157-LTS, which the court denied. The Fifth Circuit Court of Appeals affirmed the denial of the third petition. Then, on September 2, 1994, Hill filed a fourth *habeas corpus* petition in this Court in Cause No. 3:94cv135-B-A. In that petition, Hill challenged the

trial court's authority to sentence him to life without a jury. On April 25, 1995, the Magistrate Judge recommended that Hill's fourth petition be denied as successive. On June 21, 1995, the District Judge approved and adopted the Magistrate Judge's recommendation and dismissed Hill's petition for abuse of the writ. On September 8, 1995, the Fifth Circuit denied Hill's application for a certificate of appealability.

On September 21, 2011, the Mississippi Supreme Court vacated Hill's life sentence on the rape charge and remanded the case to the Calhoun County Circuit Court for resentencing to a term "reasonably expected to be less than life." The Mississippi Supreme Court also required the circuit court to order the testing of biological evidence if any existed. On May 3, 2012, the Calhoun County Circuit Court issued an opinion and order finding that no DNA evidence existed to be tested and resentenced Hill to a term of forty-four (44) years, "as of October 21, 1977," on the rape charge, to run consecutive to his life sentence for murder.

In his current petition, Hill raises the following grounds for relief, as summarized by the court:

> **Ground One:** Ineffective assistance of counsel for an alleged conflict of interest, failure to investigate rape kit evidence, pressuring Hill to plead guilty after the death penalty was vacated, and failure to challenge alleged double jeopardy violation.
>
> **Ground Two:** Hill's confession was improperly taken by the sheriff's wife.

In his prayer for relief, Hill challenges his pleas and sentences and seeks to have his convictions vacated for time served. ECF doc. 2, pg. 87.

### Second or Successive Petition For A Writ Of *Habeas Corpus*

As set forth above, Mr. Hill has previously filed at least four petitions for writs of *habeas corpus* challenging his conviction and sentence for rape and murder in the Circuit Court of Coahoma County, Mississippi. The present petition is his fifth. Neither the record in this case

nor a search of the Fifth Circuit's electronic docket reflects that Hill has sought permission from the Fifth Circuit before filing the current petition. The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(C). The petitioner has not obtained such an order. Thus, any of the petitioner's claims regarding the validity of his convictions or the life sentence on his murder charge are successive. Hence, the court lacks subject matter jurisdiction over these claims, and they will be dismissed.[1]

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Further, as set forth below, to the extent that Mr. Hill has challenged the 2012 sentence on the rape charge, that claim is untimely file, as are all the claims in the instant petition.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Hill was originally convicted in 1977 and has prosecuted four previous *habeas corpus* petitions prior to this one. The court dismissed Hill's last federal petition on June 21, 1995, over 20 years ago. Obviously, the deadlines for any challenges to his original convictions or sentences arising out of his original 1976 conviction or his 1980 resentencing expired long ago. The court need only analyze: (1) Hill's most recent resentencing, the 2012 reduction of his rape sentence to 44 years, to be served consecutively to his life sentence, and to be in force "as of October 21, 1977," and (2) his challenge to the denial of DNA testing. As the new rape sentence runs consecutive to the life sentence for capital murder, Mr. Hill has not begun serving it – and cannot do so until he completes his life sentence.

Any federal petition for a writ of *habeas corpus* challenging Hill's new rape sentence would have initially been due in this Court on or before April 30, 2013 (one year after he was re-sentenced on April 30, 2012). *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Shortly after re-sentencing, however, Hill filed a grievance with the Mississippi Department of Corrections' Administrative Remedy Program ("ARP"), which was received on May 17, 2012, and recorded as grievance number MSP-12-1000. In his complaint, Hill argued that "good time" should be applied to his new rape sentence. Hill further argued that, if "good time" was applied and the sentence ran from October 24, 1977, he would have completed that sentence. On June 22, 2012, Hill received a "First Step Response Form" informing him that he was currently serving his life sentence for capital murder and, therefore, was not eligible for good time.

Hill objected and, on August 10, 2012, he received his "Second Step Response Form," again informing Hill that he was not entitled to earned good time. At the bottom of the second step form is the following statement: "[t]he above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response." *Id.* Hill originally signed for receipt of his "Second Step Response" on August 10, 2012, but changed the date to August 14, 2012. *Id.* As such, any appeal of the A.R.P. decision was due in the circuit court on or before September 13, 2012, (August 14, 2012, plus 30 days).

On October 10, 2012, Hill filed a "Motion to Enforce Sentence, or Alternative Motion to Clarify Sentence," in Calhoun County Circuit Court Cause No. CV2011-104H. This motion was filed after the September 13, 2012, deadline for seeking judicial review of the ARP decision. On August 20, 2013, the Calhoun County Circuit Court entered an order denying and dismissing Hill's motion. The circuit court found that, because Hill is currently serving his life sentence for capital murder, which runs before Hill's consecutive sentence for rape, he is not eligible to earn time on his rape sentence, which he is not yet serving. *Id.* On May 19, 2015, the Mississippi Court of Appeals dismissed Hill's appeal as improper. That court held that Hill did not timely appeal the denial of his grievance; thus, the proceedings in both the circuit and appellate court were not proper. As such, Hill is not entitled to statutory tolling during the pendency of his actions in either the circuit or appellate court. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Though Hill also filed a petition for a writ of mandamus in the Mississippi Supreme Court, No. 2013-M-695, mandamus petitions do not trigger statutory tolling under 28 U.S.C. § 2244(d). *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002).

However, Hill is entitled to statutory tolling for the pendency of his grievance. As such, Hill's federal statute of limitations was tolled from May 17, 2012, the date Hill's grievance was received by the ARP, through September 13, 2012, the date on which any appeal of that decision was due, a total of 119 days. Therefore, any *habeas corpus* petition challenging the execution of Hill's new sentence on his rape charge was due in this Court on or before August 27, 2013, (April 30, 2013 + 119 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Mr. Hill did not date his petition. Thus, the court will assume that the petition took three business days to arrive with the court through the mail. The court received the petition on March 23, 2016; counting backwards, the court will deem the petition filed on March 18, 2016. Thus, the instant petition was filed over 2½ years after the *habeas corpus* filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). Thus, Mr. Hill's challenge to his new sentence on his rape charge must be dismissed as untimely filed.

Mr. Hill also claims that he is entitled to a writ of *habeas corpus* because the State unlawfully denied his request for DNA testing. Hill first requested DNA testing in an "Application for Leave to File Successive Petition for Post-Conviction Collateral Relief Motion for DNA Testing of Biological Evidence," filed in Mississippi Supreme Court Cause No. 2009-

M-732, which Hill signed on March 4, 2010. On September 21, 2011, Mississippi Supreme Court granted Hill permission to seek DNA testing in the trial court. On September 29, 2011, Hill filed a successive post-conviction petition in Calhoun County Circuit Court Cause No. CV-2011-104, seeking DNA testing. On April 24, 2012, the trial court held an evidentiary hearing, and on April 30, 2012, and entered an order denying Hill's motion for DNA testing, finding, "[b]ased on competent proof presented at the hearing, this Court finds that no DNA evidence exists to be tested that the Petitioner requests to be tested." On August 29, 2013, the Mississippi Supreme Court affirmed the circuit court's order. On September 19, 2013, the Mississippi Supreme Court issued its mandate.

First, the court cannot discern why Mr. Hill did not seek DNA testing long before March 4, 2010, as it had been available for use in judicial proceedings since at least 1992. *See United States v. Jakobetz*, 955 F.2d 786 ($2^d$ Cir. 1992). However, even assuming, for the purposes of this opinion only, that Hill had no access to DNA testing until he requested it, the instant petition would nonetheless be untimely. Under this assumption, the deadline for seeking federal *habeas corpus* relief would be tolled 1,285 days, the time his DNA request was pending, from March 4, 2010 (the day he signed his request), through September 19, 2013 (the day the Mississippi Supreme Court's mandate issued). Thus, the deadline for seeking federal *habeas corpus* relief as to this claim would have become September 9, 2014 (March 4, 2010 + 1,285 days). Permitting three business days for Hill's petition to pass through the mail, the instant petition was filed sometime between March 18, 2016 (the day Hill signed it), and March 23, 2016 (the day the court received it). Giving Mr. Hill the benefit of the doubt, even under this generous assumption, he filed the instant petition 556 days after the deadline for doing so expired. Thus, the instant

petition will also be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed both as successive and as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 30th day of March, 2017.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE